# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **TERRY A. THOMAS, JR.,** | ) | |
| Petitioner, | ) | **C.A. No.: N19M-01-094,** |
| **v.** | ) | **C.A. No.: N19M-12-202,** |
| | ) | **and C.A. No.: N21M-06-074** |
| **STATE OF DELAWARE,** | ) | |
| Respondent. | ) | |

Submitted:  June 24, 2024
Decided:  July 19, 2024

## ORDER

*Upon Petitioner Terry Thomas's Motion for Review of Commissioner's Orders and
Appeal from the Commissioner's Findings and Recommendations,*
**DENIED**.

This 19th day of July, 2024, upon consideration of Petitioner Terry A. Thomas Jr.'s *Pro Se* Petitions for Return of Property (N19M-12-202, D.I. 1; N19M-01-094, D.I. 1; N21M-06-074, D.I. 1), the Commissioner's Report and Recommendation that Mr. Thomas's Petitions for Return of Property should be **DENIED**, and the record in this case, it appears to the Court that:

(1)     On December 31, 2019, January 14, 2019, and June 15, 2021, Mr. Thomas filed three different petitions for return of property.[1]   With these petitions, Mr. Thomas sought the return of $12,170.00 and a Samsung Galaxy

---

[1]   (N19M-12-202) (December Pet.) (D.I. 1) ("First Pet."); (N19M-01-094) (January Pet.) (D.I. 1) ("Second Pet."); (N21M-06-074) (June Pet.) (D.I. 1) ("Third Pet."). All of Mr. Thomas's post-trial filings were docketed under each of the three case numbers. For clarity, unless otherwise noted, the Court will cite to N19M-12-202 for all remaining docket references.

1

Note 9 device that were seized upon his arrest on January 5, 2019;[2] $8,832.00 seized upon his later arrest on October 10, 2019;[3] and $6,053.00 seized upon his arrest on April 28, 2021.[4]

(2) On April 12, 2023, May 24, 2023, and June 22, 2023, the Court conducted a consolidated bench trial of these matters.[5] This trial was held before a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Civil Rule 132(a)(4) for proposed findings of fact, conclusions of law, and recommendations.

(3) On January 16, 2024, the Commissioner docketed his Report and Recommendation, ordering Mr. Thomas's three petitions for return of property be denied because the money seized was subject to forfeiture under 16 *Del. C.* 4784 and Mr. Thomas failed to rebut the presumption in favor of forfeiture by a preponderance of the evidence.[6]

(4) Twenty-one days later, on February 6, 2024, Mr. Thomas docketed a "Letter to Appeal Decision" with this Court. Attached thereto was a single page

---

[2] Second Pet.

[3] First Pet.

[4] Third Pet. The Commissioner's Report and Order describes the factual background of the seizures and the subsequent investigation in much greater detail. *Thomas v. State*, 2024 WL 168334, at *1-8 (Del. Super. Ct. Jan. 16, 2024) (D.I. 33).

[5] D.I. 30-32.

[6] 2024 WL 168334, at *17.

listing 11 complaints about the Commissioner's report.[7]

(5)     On April 11, 2024, Mr. Thomas docketed a "Request for Review of a Commissioner's Order."[8]   Attached thereto were four pages of exhibits, three of which were handwritten documents titled "January 5, 2019 Traffic Stop."[9]   The last page of those attachments reconstituted the same 11 arguments included in his February 6th submission.[10]   Six days later, Mr. Thomas docketed an additional handwritten letter titled "October 10, 2019 Traffic Stop" to supplement his earlier filings.[11]

(6)     The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[12]   Upon thorough review the record in these several matters, the Court finds that Mr. Thomas's attempt to obtain review of the Commissioner's disposition of his petitions to be both untimely and legally insufficient.

(7)     This Court's Civil Rule 132 allows that "within ten days after filing of

---

[7]   Petitioner's Letter to Appeal Decision (D.I. 34).  It appears that at the same time Mr. Thomas was attempting to file an appeal of the Commissioner's report directly to the Delaware Supreme Court.  *Thomas v. State*, 2024 WL 1174027 (Del. Mar. 18, 2024) (order dismissing appeal that Mr. Thomas had docketed with the supreme court on February 16, 2024).

[8]   Petitioner's Request for Review of a Commissioner's Order (D.I. 40).

[9]   *Id.*

[10]   *Id.*

[11]   Petitioner's Supplemental Letter to Appeal Decision (D.I. 42).

[12]   *See* Super. Ct. Civ. R. 132(a)(4)(iv) ("A judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Commissioner.").

a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[13]  So, the filing deadline for Mr. Thomas's written objections—which by rule, are to be entitled an "Appeal from Commissioner's Findings of Fact and Recommendations"—was January 30, 2024.[14]  But he failed to file his objections within this prescribed window.  Rather, his first filing that was styled as some sort of "notice of appeal" was docketed on February 6, 2024.[15]  And a more fulsome "Request to Review the Commissioner's Order" was not filed with the Court until April 11, 2024,[16] two months after the Commissioner's Recommendation was docketed.  Both filings missed the ten-day deadline for the filing of any objections.  Mr. Thomas's failure to file a timely objection itself is a basis for summary dismissal of his prayers for review obviating the need for any further examination of the Commissioner's report.[17]

(8)     That said, Mr. Thomas's filings are also fatally lacking in substance; he fails to provide any constitutional, statutory, or rules-based rationale for any of his

---

[13]   Super. Ct. Civ. R. 132(a)(4)(ii).

[14]   *See* Super. Ct. Civ. R. 6(a) (governing the computation of filing periods).

[15]   D.I. 34 ("The paper attached are some reasons for my appeal.  Please look out for my appeal."). *See* Super. Ct. Civ. R. 132(a)(4)(ii) (any written objections must be timely, served on the other party, and "set forth with particularity the basis for the objections"); *id.* at 132(a)(4)(iii) (a "party filing written objections to a Commissioner's order shall [also] cause a transcript of the proceedings before the Commissioner to be prepared, served, and filed").

[16]   D.I. 40.

[17]   Super. Ct. Civ. R. 132(b) ("A party . . . who fails to comply with the provisions of this rule may be subject to dismissal of said motion for reconsideration or appeal."). *See New Castle Cnty. v. Kostyshyn*, 2014 WL 1347745, at *7 (Del. Super. Ct. Apr. 4, 2014).

objections. Put another way, he fails to carry his burden under Rule 132 and would gain no further ground upon a merits review.[18]

**NOW THEREFORE**, Mr. Thomas's written objections thereto having been untimely, his appeal from the Commissioner's Findings of Fact and Recommendation on his three petitions is **DENIED.** After careful and *de novo* review of the record in these matters, the undersigned **ACCEPTS IN WHOLE** the findings or recommendations made by the Commissioner for the reasons stated in the Commissioner's Report and Recommendation of January 16, 2024. Mr. Thomas's several petitions for return of property are each **DENIED**.

**SO ORDERED,**

*/s/ Paul R. Wallace*

_____

Paul R. Wallace, Judge

Original to Prothonotary

---

[18] *See Kostyshyn*, 2014 WL 1347745, at *7 (Del. Super. Ct. Apr. 4, 2014) ("Defendants also cite no legal authority or factual support for the claim"); *See also Cont'l Cas. Co., et al. v. Borgwarner Inc., et al.*, 2016 WL 3909467, at *3 (Del. Super. Ct. July 14, 2016), *aff'd sub nom, BorgWarner, Inc. v. First State Ins. Co.*, 163 A.3d 708 (Del. 2017) (holding a failure to meet the burden of Civil Rule 132 where petitioner "fail[s] to include 'law' that the Court is bound to apply or follow").